IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos M. Gill,<br>    Petitioner,<br><br>v.<br><br>Leroy Cartledge,<br>Warden of McCormick Correctional Institute,<br>    Respondent. | Case No. 8:09-3350-RMG-BHH<br><br>**ORDER** |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c), D.S.C. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 25). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed objections to the R&R. (Dkt. No. 31). As explained herein, this Court agrees with the Report and Recommendation and grants Respondent's motion for summary judgment. Petitioner has failed to specifically object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate in opposition to the motion for summary judgment.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.

*Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner filed his "objections" on August 31, 2010. (Dkt. No. 31).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Petitioner's "objections" merely restate word for word or rehash the same arguments presented in his response to Respondent's motion for summary judgment. (*See* Dkt. No. 21 *compare with* Dkt. No. 31). Therefore, Petitioner has not really provided this Court with objections to address.

Nonetheless, out of an abundance of caution and given Petitioner's *pro se* status, this Court reviewed the Record *de novo* and the Record reflects that Respondent's motion for summary judgment should be granted. Petitioner contends that, although appellate counsel raised this issue to the South Carolina Court of Appeals, appellate counsel later waived this issue by failing to raise it in a motion for rehearing or in his appeal to the South Carolina Supreme Court. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. In order to establish that counsel was ineffective, the Petitioner must prove that appellate counsel's performance: (1) fell below an objective standard of reasonableness

and (2) that, but for appellate counsel's error, the outcome of the appeal would have been different. *Strickland*, 466 U.S. at 688-94. The first prong of the test requires that the Petitioner demonstrate that trial counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires the Petitioner to show that the deficient performance prejudiced the defense. *Id.* at 687. The Record reflects that Petitioner cannot meet the requirements of *Strickland*.

Petitioner further argues he was denied his constitutional rights when he was forced to go to trial without legal representation and without being warned of the dangers of self-representation. Having reviewed the entire record, the undersigned finds that the Petitioner's waiver of counsel was knowing and voluntary and although the trial judge did not specifically address the disadvantages of self-representation directly with the Petitioner, based on the record, the Petitioner made a valid and knowing waiver. Accordingly, the undersigned finds that the Petitioner cannot demonstrate that state courts erred in finding he had waived his right to counsel or that appellate counsel was ineffective. The PCR Court held that the record established that the Petitioner "understood his right to counsel and the dangers of self representation." Thus, the state court's rejections of these claims were not contrary to clearly established principles, did not involve an objectively unreasonable application of federal law, nor were based on an unreasonable determination of the facts.

Based on the above authority and the Record in this matter, the Court finds no error of law made in the Magistrate's Report and Recommendation. Thus, this Court finds that the issues Petitioner has raised were correctly addressed by the magistrate. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment is **GRANTED**. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate where the petitioner merely rehashed the same arguments presented to the magistrate).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

Page 4 of 5

October 27, 2010
Charleston, South Carolina